# EXHIBIT 1

Service of Process

Date: _____ 11/20/19 _____

Time: _____ 10:50am _____

Served by: _____ Sandra Yade _____

Accepted By: _____ Bryan Knighton _____
(Print Name)

Signature: _____ Bryan Knighton _____

# DASCAL LAW LLC

350 Springfield Avenue, Suite 200
Summit, New Jersey 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com

November 19, 2019

**Via Personal Service**
Aetna Life Insurance Company d/b/a Aetna
151 Farmington Avenue
Hartford, Connecticut 06156

     Re:    **Essex Surgical LLC v. Aetna Life Insurance Company** / Aetna, Inc.
            **Docket No.: ESX-L-3821-19**

To Whom It May Concern:

    I represent the Plaintiff.  You are being sued. Attached is the follow:

1. Summons;
2. Complaint;
3. Certification of Due Diligence;
4. Case Information Statement;
5. Track Assignment Notice; and
6. Plaintiff's First Interrogatories and Document Requests To Defendant.

                    Regards,

                    */s/ Jordan B. Dascal*
                    Jordan B. Dascal

Aetna Co,
Agent

Sandra Ye

Jordan B. Dascal – NJAID #903842012
Dascal Law LLC
350 Springfield Ave, Ste 200
Summit, NJ 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com
Attorney for Plaintiff

| | |
|---|---|
| Essex Surgical LLC,<br><br>                              Plaintiff,<br><br>vs.<br><br>Aetna Life Insurance Company d/b/a Aetna, $\text{Inc}$ .<br><br>                              Defendant. | Superior Court of New Jersey<br>Essex County, Law Division<br><br>Docket No.: ESX-L-3821-19<br><br>Civil Action<br><br><br>**Summons** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If

1

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.


Dated: 11/19/19                          /s/ Michelle M. Smith
                                         Clerk of the Superior Court


Name of Defendant to Be Served:

Aetna Life Insurance Company d/b/a Aetna

Address of Defendant to Be Served:

151 Farmington Avenue
Hartford, Connecticut 06156

A True Co..
Attest:

Sandra .

2

Jordan B. Dascal – NJAID #903842012
Dascal Law LLC
350 Springfield Ave, Ste 200
Summit, NJ 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com
Attorney for Plaintiff

| | |
|---|---|
| Essex Surgical LLC,<br><br>                                  Plaintiff,<br><br>vs.<br><br>Aetna Life Insurance Company d/b/a Aetna, Inc.<br><br>                                    Defendant. | Superior Court of New Jersey<br>Essex County, Law Division<br><br>Docket No.:<br><br>               Civil Action<br><br>**Complaint and Jury Demand** |

Plaintiff says by way of complaint against the Defendants:

### Parties and Venue

1.      Essex Surgical LLC ("Plaintiff") is a healthcare provider which does business in Essex County, New Jersey.

2.      Aetna Life Insurance Company d/b/a Aetna ("Defendant") is a health insurance company and health benefits administrator located in Connecticut. For the purpose of simplicity, the term "Defendant" also includes its agents.

3.      The County of Essex is the proper venue for this matter with the requisite subject matter jurisdiction pursuant to R. 4:3-2, as Plaintiff does business in this county.

### Facts

4.      Plaintiff provided medical services to Patient K.W., as a surgical center. In doing

1

so it relied on Defendant's promises of appropriate payment. However, Plaintiff has still not been properly paid, despite multiple attempts to resolve this dispute with Defendant.

5.      On December 1, 2017 at around 3:34 pm, Plaintiff's employee called Patient's insurer, Defendant, to confirm the benefits for the Patient.

6.      Defendant's agent, Jane, gave a reference number for the call of 3518264770.

7.      On the call, Defendant explained that the Patient had a fully-funded insurance plan, and Defendant would pay 80% of the reasonable and customary amount of the bills.

8.      Defendant also explained that the Patient had a 30% co-insurance, met $100 out of his $200 deductible for the year, and met $329 of his $5,000 of his out of pocket maximum for the year.

9.      Had Defendant not made promises of appropriate payment, Plaintiff would not have provided those medical services to the Patient.

10.     As Defendant did so, the Plaintiffs provided medical services to the Patient on December 20, 2017.

11.     Afterwards, Plaintiffs billed Defendant.

12.     Defendant issued various claim numbers for these bills, such as PG3524LSW03, PG3524LSW02, and PG3524LSW00.

13.     Defendant then dramatically underpaid Plaintiffs' claims, claiming that the charges were excessive, and that some procedure codes should not be paid for.

14.     However, this was not what Defendant had promised before the surgery, and was far below the payment rate.

15.     Additionally, Plaintiff's medical coding was appropriate, and should be paid for.

2

16.     Despite repeated complaints by Plaintiff, Aetna failed to properly pay the Defendant.

17.     Defendant's payment was barely above Plaintiff's cost in purchasing medical hardware implanted into the Patient, let alone Plaintiff's other costs. It was far below an amount reasonable to compensate Plaintiff, and far below what was promised.

## Count One

### (Unjust Enrichment)

18.     Plaintiff restates its allegations set forth above.

19.     Plaintiff provided medical services to the Patient.

20.     Plaintiff provided a benefit to Defendant in doing so, as Plaintiff helped Defendant in its duty to the Patient to help it obtain medical treatment.

21.     Plaintiff expected to be properly paid when performing those services.

22.     A reasonable person in Defendant's position would have expected to properly pay Plaintiff for those services, as insurers and administrators routinely pay for surgical assistants and co-surgeons.

23.     It is unfair to allow Defendant to receive those benefits without properly paying Plaintiff for them.

## Count Two

### (Quantum Meruit)

24.     Plaintiff restates its allegations set forth above.

25.     Plaintiff provided its medical services in good faith, anticipating payment for the goods and services it provided.

3

26.    Defendant and the Patient accepted those services.

27.    Defendant should pay for the reasonable value of those services, consistent with its payment promise.

28.    Plaintiff has been underpaid and damaged as a result.

## Count Three

### (Promissory Estoppel)

29.    Plaintiff restates its allegations set forth above.

30.    Defendant promised that Plaintiff would be paid a particular rate for the medical services provided to the Patient.

31.    Defendant did, or should have, expected that Plaintiff would rely on that promise.

32.    Plaintiff reasonably relied on the promises of the Defendant, and provided the Patient with medical services as a result.

33.    However, Defendant has underpaid Plaintiff, damaging it as a result.

## Count Four

### (Negligent Misrepresentation)

34.    Plaintiff restates its allegations set forth above.

35.    A party may be liable for negligently providing information to another if it knew or should have known that such information would be reasonable relied upon.

36.    Defendant made promises regarding paying Plaintiff at a particular rate.

37.    However, those promises were false, as Defendant underpaid Plaintiff and failed to remedy the underpayment.

38.    Plaintiff justifiably relied on Defendant's promise of payment. The commercial

4

realities of the healthcare industry require that healthcare providers such as Plaintiff be able to rely on those representations.

39.     Defendant made that statement for Plaintiff's benefit, knowing that Plaintiff would rely on it.

40.     Plaintiff has been damaged as a result, as it provided the medical services anyway but has been underpaid.

## Count Five

### (Equitable Estoppel)

41.     Plaintiff restates its allegations set forth above.

42.     Defendant authorized other medical providers to perform the surgery on the Plaintiff.

43.     Insurers and administrators customarily pay for reasonable and necessary assistants and co-surgeons.

44.     Plaintiff relied on the aformentioned knowledge to provide medical services to the Patient.

45.     Despite that, Defendant unfairly underpaid Plaintiff.

## Count Six

### (Prompt Payment Interest, N.J.A.C. 11:22-1.5(e))

46.     Plaintiff restates its allegations set forth above.

47.     Where a carrier or its agent fails to timely pay a clean claim, it is liable for 12% interest per year.

48.     Plaintiff submitted clean claims to the Defendant.

5

49.   Defendant is a carrier.

50.   Defendant failed to properly and timely pay Plaintiff.

51.   Therefore, Plaintiff is entitled to interest accruing at 12% per year.

Wherefore Plaintiff demands judgment against the Defendants for compensatory damages, consequential damages, punitive damages, treble damages, interest, attorneys' fees, per R. 4:42-9 or other applicable law, costs of suit and other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Jordan B. Dascal is designated as trial counsel.

## CERTIFICATION

I certify that the matter in controversy, arising out of claims relating to medical services provided from Plaintiff to the particular Patient, is not the subject of any other court action or arbitration proceeding, pending or contemplated, and that no other parties should be joined in this action.

Dated: 5/22/19                          /s/ Jordan B. Dascal
                                        Jordan B. Dascal
                                        Attorney for Plaintiff

6

Jordan B. Dascal -- NJAID #903842012
Dascal Law LLC
350 Springfield Ave, Ste 200
Summit, NJ 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com
Attorney for Plaintiff

|  |  |
|---|---|
| Essex Surgical LLC, | Superior Court of New Jersey<br>Essex County, Law Division |
| Plaintiff, | Docket No.: ESX-L-3821-19 |
| vs. | Civil Action |
| Aetna Life Insurance Company d/b/a Aetna, Inc. | **Certification of Due Diligence** |
| Defendant. |  |

I, Jordan B. Dascal, hereby certify as follows:

1.    I am the attorney who represents Plaintiff in this case.

2.    Pursuant to R. 4:4-5(b), I have made a diligent inquiry about the address of the Aetna Life Insurance Company d/b/a Aetna ("Defendant") and have concluded that this Defendant likely has no address in New Jersey.

3.    I examined the Defendant's website, which indicated that this particular Aetna company does not have a New Jersey address.

4.    I examined the online New Jersey Department of Banking and Insurance website at www.nj.gov/dobi/servproc.htm, which provides a list of licensed insurance companies. Defendant had no address listed within this state.

1

5.      I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: 11/19/19                         /s/ Jordan B. Dascal
                                        Jordan B. Dascal
                                        Attorney for Plaintiff

2

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-003821-19

**Case Caption:** ESSEX SURGICAL LLC   VS AETNA LIFE
INSURANCE  COM

**Case Initiation Date:** 05/22/2019

**Attorney Name:** JORDAN B DASCAL

**Firm Name:** DASCAL LAW LLC

**Address:** 350 SPRINGFIELD AVE STE 200
SUMMIT NJ 07091

**Phone:**

**Name of Party:** PLAINTIFF : Essex Surgical LLC

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO        **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/22/2019
Dated

/s/ JORDAN B DASCAL
Signed

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                                      TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                       DATE:   MAY 22, 2019
                       RE:     ESSEX SURGICAL LLC   VS AETNA LIFE INSURANCE   COM
                       DOCKET: ESX L -003821 19

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

      DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON JEFFREY B. BEACHAM

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (973) 776-9300.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                       ATTENTION:

                            ATT: JORDAN B. DASCAL
                            DASCAL LAW LLC
                            350 SPRINGFIELD AVE
                            STE 200
                            SUMMIT          NJ 07091

ECOURTS

Jordan B. Dascal -- NJAID #903842012
Dascal Law LLC
350 Springfield Ave, Ste 200
Summit, NJ 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com
Attorney for Plaintiff

| | |
|---|---|
| Essex Surgical LLC,<br><br>                              Plaintiff,<br><br>vs.<br><br>Aetna Life Insurance Company d/b/a Aetna,<br><br>                              Defendant. | Superior Court of New Jersey<br>Essex County, Law Division<br><br>Docket No.: ESX-L-3821-19<br><br>Civil Action<br><br>**Plaintiff's First Discovery Requests to<br>Defendant** |

To:     Defendant Aetna Life Insurance Company d/b/a Aetna

Enclosed are Plaintiff's first interrogatories and document production requests to Defendant, sent to you by personal service on the date signed below. Please read the instructions and definitions carefully before responding. We will object to your use of any information in this action which was sought in discovery but which was not provided.

**Dascal Law LLC**

Dated: 11/19/19

By: */s/ Jordan B. Dascal*
    Jordan B. Dascal

1

**Instructions and Definitions**

1.      You have 60 days after being served with this to respond to the interrogatories. You have the later of 35 days after being served with this, or 50 days after being served with the summons and complaint, to respond to the document production requests. If this case is in special civil part, those deadlines are all reduced to 30 days. Send your responses to the attorneys who sent these requests.

2.      If you subsequently acquire information or documents which make your earlier responses incomplete or inaccurate, you must promptly provide amended responses. Your amended responses should explain when you acquired the additional information or documents, and why they were not previously available. You are also required to provide an additional certification (see last page) with amended responses.

3.      All answers must be as complete and straightforward as possible. You must make a reasonable, good faith attempt to get and provide the information requested, including from your representatives or attorneys. If you still cannot provide a complete answer, say so, but you must still answer to the fullest extent possible.

4.      If an interrogatory instructs you to attach documents, you must indicate which documents are responsive to that specific interrogatory (such as by separating documents into exhibits, or labelling each separately with a brief description).[1] If you refer to a document as part of an interrogatory response, indicate the specific pages responsive to the interrogatory.

5.      You must produce all requested documents in your custody, possession, or control. This includes documents which you may not have physical possession of, but which you have a legal right to take possession of or receive a copy of (for example, documents held by your attorney, bank, accountant, or someone else acting on your behalf.)

6.      If you are not responding fully to an interrogatory or request for documents based on an objection or a claim of privilege or trial preparation materials, you must specifically state

---

[1] Model Questions for Special Civil Part Contract and Debt Collection Cases in Which the Demand Exceeds $3,000, Interrogatory 1, available at https://www.judiciary.state.nj.us/prose/11895_scp_interrogatories.pdf ("Model SCP Questions")

2

the objection and explain the basis for it. If based on a claim of privilege or trial preparation materials, you must also provide a privilege log per R. 4:10-2(e)(1).

7.      Please note that R. 4:17-1(b) requires that a party respond to every request in a uniform interrogatory. Most of the interrogatories herein are identical or substantially similar to uniform interrogatories (as indicated in the footnotes for each), and therefore should be answered completely and without objection to the question.

8.      If the timeframe of an interrogatory or request is unclear, provide responses starting from the calendar year prior to the earliest allegations discussed in any party's pleadings through the present (or, if you are uncertain of when that is, six years before this lawsuit began). If you are only providing information or documents for a limited period of time, explain the date range you are provided responses from.

9.      All terms should be interpreted to provide the broadest possible responses. Where appropriate, the singular form of a word shall mean the plural and vice versa, words indicating gender shall include all genders, and verb tenses shall include all other tenses. The terms 'and' and 'or' shall be read both conjunctive and disjunctively, to provide the broadest possible relevant responses. Some terms are defined below. If you are uncertain as to a definition not provided, search for definitions in dictionaries, google.com, and your knowledge of common usage of the term. Use multiple or combination definitions to provide the broadest possible relevant responses, and indicate the definitions you are using and their source.

10.     "PERSON" or "ANYONE" includes all natural persons and entities (including but not limited to corporations, partnerships, limited liability companies, associations, organizations, public entities, trusts, etc.)

11.     "YOU", "YOUR", or "YOURSELF" means the person to whom these interrogatories and document production requests are addressed. It also includes your predecessors, successors, agents, employees, representatives, and anyone else acting on your behalf (including the person providing responses to these interrogatories and requests).

12.     "ANYONE ACTING ON YOUR BEHALF" includes your insurance companies, attorneys, accountants, investigators, and anyone else acting on your behalf. It also includes their agents, employees, and anyone else acting on their behalf.

3

13.    "DOCUMENT" includes all things which record, store, communicates, or represent information. The term includes, but is not limited to, documents, records, audio/visual recordings, electronically stored information, and non-identical copies.

14.    "IDENTIFY" means:

i.    For a natural person, (a) their full name; (b) any other names the person uses or has used; (c) employer, position held, and nature of work performed; (d) business and home: address, telephone number, email address; (e) date and place of birth; and (f) Social Security number. The address should be the address used to deliver mail.[2]

ii.    For an entity (which includes all person which are not natural persons), (a) its full legal name; (b) the jurisdiction under whose laws it is organized; (c) any alternate names which the entity uses or has used in the last ten years; (d) its primary business address, telephone number, email address, and website; and (e) identify each partner of a partnership, each member of a limited liability company, and each officer of a corporation. The address should be the address used to deliver mail.[3]

iii.    For a document which is a written or typed record, (a) title of document, if any, and type (e.g., report, letter); (b) date created and date obtained; (c) author; (d) approximate size or length; (e) creator or originator and purpose for creation or origination; (f) brief summary and nature of its contents; (g) brief summary of the relevant portion and relevance to the particular discovery request for which it is being produced; (h) if not produced in your responses, identify all persons who have knowledge of its contents and/or who have possession, custody, or control of it, and summarize the scope of what they have or know; and (i) if it has been lost, discarded, or destroyed, explain the approximate date on which that occurred, the circumstances in which that occurred, the reason that it happened, identify the person responsible, and the reason they are responsible.[4]

---

[2] Form A, Interrogatories 1, 10; Form A(1), Interrogatory 1; Form C, Interrogatory 1.
[3] Form A, Interrogatories 1, 10; Form A(1), Interrogatory 1; Form C, Interrogatory 1; Model SCP Questions, Question 1.
[4] Model SCP Questions, Question 10.

4

15.    "ACTION" refers to this litigation or arbitration as per the heading on the first page of these requests, in which these interrogatories and document production requests are being served.

16.    "REQUESTS" refers to these interrogatories and document production requests, and any other sent in this action to you on behalf of the sending party or parties.

17.    "HICF BILLS" are the all of the Health Insurance Claim Form bills sent to you related to the subject matter of this action.

18.    "SERVICES" are the medical goods and/or services provided for which payment is or was sought as per the HICF bills, including those for which any payments were previously received.

19.    "BILLED CPT CODES" are all of the Current Procedural Terminology Codes, indicated in section 24(D) all of the HICF bills, which reflect the Services. This definition includes all relevant modifier codes.

20.    Explaining a contention "IN DETAIL" requires answering, in addition to any other responsive answer, the following:

    a. Why you contend such, setting forth in detail all material facts you contend support your position. [5]
    b. Identify all documents you contend support your contention, and state the relevant material in each. Attach copies. [6]
    c. If the contention is based on any statute, regulation, or other written rule, state the exact citation. If based on the common law, state the exact principal and the caselaw expressing such. [7]

---

[5] Form C(4), Interrogatory 9; Form A(2), Interrogatories 2, 3.
[6] Form A(1), Interrogatory 7.
[7] Form A, Interrogatory 22; Form C(4), Interrogatory 9; Form A(1), Interrogatory 7; Form A(2), Interrogatories 2, 3.

## Interrogatories

If an interrogatory requests documents, be sure to label or group your responsive documents separately according to which interrogatory they respond to.

1. Identify yourself. (This includes the individuals providing responses to these requests, and all parties they are providing responses for.)[8]

2. Describe in detail your version of the allegations made in all pleadings for this action.[9]

3. Explain in detail each claim or defense you are asserting in this action.

4. Explain in detail any other relevant information you have related to this action, not otherwise provided in response to another interrogatory. This includes, but is not limited to, any information you may use as part of any motion, hearing, or at trial.

5. For all damages alleged by any party in this action:
   a. Explain how such damages were caused, and identify each person responsible, whether or not they are a party in this lawsuit. If more than one person caused such damages, identify which portion of those damages you believe each responsible for, and the factual basis for that belief.[10]

---

[8] Form A, Interrogatories 1, 10; Form A(1), Interrogatory 1; Form C, Interrogatory 1; Form C, Interrogatory 1; Model SCP Questions, Question 1.

[9] Form A, Interrogatory 2.

[10] Form C, Interrogatory 7.

  b. Provide a detailed description of nature, extent, and duration of all damages, including dates.

  c. If any tests, surveys, studies, reports, reviews, or data compilations were completed, state the type, identify the persons involved and their role, dates each was begun and completed, and what each disclosed. Attach a copy of the results.[11]

  d. Explain the amount and value of damages each party has incurred or will incur. Itemize such damages, and explain the methods by which each element of those damages is calculated in sufficient detail to allow replication of the calculations.

  e. Provide a detailed description of all efforts taken to mitigate such damages, dates taken, identify all persons involved and their role, and the results of those efforts.

  f. Has any person paid any money related to damages alleged in this action? If so, identify the person paying, recipient, amount given, date given, reason for giving. Identify and attach copies of any documents relating to such payments, including contracts.

  g. Does anyone have a potential right to receive compensation for damages alleged in this action from another person who may be responsible for such damages? If so, identify the person responsible to pay compensation, the basis for responsibility, any amounts paid to date, the limits of each type of responsibility (such as insurance coverage limits), if there are any reservations of rights or coverage disputes with that person, and the insurance policy number if applicable. Identify and attach copies of any documents relating to such payments, including contracts.

  h. If not already provided above, identify all persons and documents with knowledge of the information requested in this interrogatory. Summarize what information each has or reflects, and attach copies.

6. Identify all documents that may relate to the allegations, claims, or defenses raised in this action.[12]

---

[11] Form A, Interrogatories 3, 6.
[12] Form A, Interrogatory 15.

7. For all information and documents which is sought in these requests but which you have not provided, identify the information and documents not provided and explain why in detail. Include a privilege log, if applicable. [13]

8. Explain in detail your search efforts for information and documents relating to this action. This includes areas and things searched, persons searching, methods used (including search terms and programs), and any methods excluded or areas not searched which may produce responsive information and documents.

9. Identify all persons who may have knowledge of the allegations, claims, or defenses raised in this action. Explain their relationship to you and summarize in detail what you believe each knows. Identify and attach all related documents. [14]

10. For all potential expert witnesses you may use in this action:
    a. Identify the expert and subjects on which they may testify.
    b. Attach a copy of their current resume and curriculum vitae. If not included therein, explain their qualifications in detail and a list of all publications authored by the expert.
    c. Detail all information and identify all documents considered by the expert in forming an opinion. Attach copies.
    d. State the substance of the facts and opinions on which they are expected to testify, and a summary of the grounds for each opinion.
    e. Identify and attach copies of all documents, such as reports, they have produced relating to this action.
    f. Explain the amount of compensation you have paid or may pay to the expert, and terms of the compensation agreement. Also provide the reasonable appearance fee which the expert would require to be paid to be deposed by another party in this action. [15]

---

[13] Form A, Interrogatory 18; R. 4:10-2(e).
[14] Form A, Interrogatories 16, 17, 20, 21; Model SCP Questions, Questions 7, 8.
[15] R. 4:10-2(d); 4:17-4(e); Form A, Interrogatory 23; Form A(1), Interrogatory 9; Form B,

8

11. If you or any person you may call as a witness intend to rely a treatise or similar authority in any way, identify such by title, author, edition, and the relevant portions to be used or relied upon. Attach a copy of such.[16]

12. Have you, any person you have identified as having knowledge of the facts relevant to this action, or any person you may call as a witness, ever been convicted of, or pled guilty or no contest to, a crime? If so, for each provide the (a) date of conviction, (b) nature of crime and summary of details, and (c) name of case, docket number, and jurisdiction where the conviction occurred.[17]

13. For each of your responses to a request for admission which was not an unqualified admission, explain your response in detail.

14. Was there ever a verbal or written agreement between yourself and any person which relates to the subject matter of this action? (Be sure to include any other insurers, plans, or administrators, if applicable.) If so, for each provide:
    a. The names of all parties to it.
    b. All persons participating in its creation.
    c. The date the agreement was entered into, and its terms.
    d. The date and terms of each modification, if any.
    e. The date and detailed nature of the breach of the agreement, if any.
    f. If you believe the performance of any part of the agreement was ever excused, explain which portion and why in detail.
    g. If you believe any portion of the agreement was ever unenforceable, explain which portion and why in detail.

---

Interrogatory 20; Form C, Interrogatory 10; Form D, Interrogatory 9.

[16] See, e.g., Dalton v. Crawley, A-4033-12T3 (App. Div. 2014) (unpublished, available at goo.gl/LVBFRB); Form A(1), Interrogatory 10; Form C(3), Interrogatory 13.

[17] Form A, Interrogatory 24; Form C, Interrogatory 15.

9

    h.  If you believe any portion of the agreement was ever ambiguous, explain which portion and why in detail.

    i.  Identify the agreement and any other relevant documents, and attach copies.[18]

15. Identify an individual who can be subpoenaed to testify on your behalf with the best knowledge of how you maintain your files, records, and data.

16. Identify an individual who can be subpoenaed to testify on your behalf with the best knowledge of the information sought in these requests about this action. If different topics are best known by different individuals, explain which individual has the best knowledge as to each topic.

17. For each lawsuit which you have been involved in, in the past six years, and which concerned claims by any other out-of-network medical provider that they were paid less money than they were promised by you, provide the:

    a.  case caption, including the docket number and jurisdiction;

    b.  copy of the most recent complaint or other pleading filed against you;

    c.  summarize the claims made; and

    d.  summarize the outcome of the matter, including amount of settlement or judgment, and provide a copy of documents reflecting such.

18. Do you contend that any of the billed CPT codes were inaccurate, not medically necessary, or should otherwise have not been paid in any amount by you, for any reason? If so, for each code and reason, explain in detail.

---

[18] Model SCP Questions, Question 2.

19. For each billed CPT code, do you contend that the amount billed was not usual, customary, and reasonable for any reason? If so, for each code and reason explain in detail.

20. Do you contend that the amount of money which should have been paid for the services should be calculated by a method other than by simply adding together the amounts payable for each CPT code? If so, for each reason, explain in detail, including explaining how you believe such an amount should be calculated, in sufficient detail to allow 're-creating' the calculation of the total reimbursement rate based on the information you provided.

21. Do you contend that any portion of the HICF bills are not complete and accurate, and that such is relevant to the claim or defense of any party to this action? If so, for each portion and reason, explain in detail.

22. What amount do you contend should have been paid for the billed CPT codes? Explain your response in detail, including:
    a. the amount you believe should be paid on a per code basis;
    b. the amount you believe should be paid on an aggregate basis per patient;
    c. the method of calculation, formulas, and source data used;
    d. all persons with knowledge thereof, including responsibility for implementation of such a methodology, their relationship to you, and the scope of their knowledge and responsibility; and
    e. for all parts of this interrogatory, sufficient detail to allow 're-creating' the calculation of the payment rates based on the information you provided.

23. Provide a timeline of all actions and decisions relating to payment and overpayment claims. This includes, but is not limited to, the dates, amounts of each alleged payment or overpayment, and reason for such.

## Document Production Requests

1. All documents requested in the above interrogatories. Label or group your responses separately, according to which interrogatory they respond to.

2. All documents which reflect correspondence or communication which may relate to this action.

3. All documents which reflect tests or reports which may relate to this action.

4. All documents reflecting any statement made by the party sending these requests, which relate to this action.[19]

5. All documents in the claim files, which relate to the Services.

6. All documents in the insurer's, administrator's, or plan's underwriting file, which relate to payment of out-of-network claims.

7. All documents in the insurer's, administrator's, or plan's underwriting file, which relate to allocation of risk of overpayment or improper payment to medical providers.

8. All documents reflecting all policies, procedures, and guidelines relating to claims handling for the claims in this action.

9. All documents used to train the persons (such as adjusters or third-party claims administrators) handling the claims relating to the Services.

10. All documents relating to your determination or adjustment of the claims related to the Services.

11. For each billed CPT code, provide all documents (such as payment receipts like explanations of benefits) showing payments authorized or made by the Defendant for medical services unrelated to the Services, which reflect:

   a. Payment rates for the CPT codes, which must be the same CPT codes as the billed CPT codes on a per code basis;

---

[19] R. 4:10-2(c).

   b.  Zip code where the medical services were performed, which must be somewhere in northern New Jersey (which includes Mercer and Middlesex County, and all counties north of such);

   c.  The date that the medical services in the representative documents were provided, which must be within six months on either side of the dates Plaintiff provided the Services;

   d.  The payment was made to an out-of-network medical provider; and

   e.  The minimum number of documents produced per payment made.

Personally identifying protected health information should be redacted. However, sufficient non-personal identifying information should remain to be able to distinguish different claim payments from each other.

12. All documents which in any way relate to money which was or may be paid for the Services, including your decision as to payment amounts. This may include, but is not limited to:

   a.  Any contract, agreement, health insurance policy, summary plan description, summary material modification, formal plan document, any amendments thereto, collective bargaining agreement, or trust agreement.

   b.  Data sources, databases, manuals, books, publications, guidelines, protocols, algorithms, formulas, procedures, fee schedules, statutes, codes, ordinances, rules, regulations, industry standards or analogous concepts), or the like.

For all documents provided, be sure to include:

   a.  Names of such documents. The names should be sufficiently specific to allow Plaintiff to identify the exact copy of the document or data source (such as publisher, edition number, year of publication, version, etc).

   b.  Copies of such documents. The documentation should be sufficiently detailed to allow Plaintiff to 're-create' the calculation of the reimbursement rate. Identify the specific pages utilized for the aforementioned purposes.

13. All documents that may relate to this action, and which have not already been provided in response to another request.[20]

---

[20] Form A, Interrogatory 15; Form C, Interrogatory 14.

## CERTIFICATION

I have carefully and completely reviewed the above discovery requests, including the instructions and definitions section. I have carefully and completely reviewed the final discovery responses provided. I am providing these discovery responses on behalf of myself and as a representative of the other parties listed below.

I have made a good faith search for information and documents responsive to the requests. I have provided complete and accurate responses. The documents provided are exact copies of entire documents. The existence of other information or documents is unknown to me. I am also unaware of any person who may have additional requested information or documents.

I understand my continuing obligation to make a good faith effort to identify additional information and documents responsive to the above requests, and to promptly serve a supplemental response if I become aware of such.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Signature

_____

Printed Name

_____

Date

_____

Names of Parties You Are Answering For

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK           NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   MAY 22, 2019
                         RE:     ESSEX SURGICAL LLC   VS AETNA LIFE INSURANCE  COM
                         DOCKET: ESX L -003821 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JEFFREY B. BEACHAM

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT: (973) 776-9300.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: JORDAN B. DASCAL
                              DASCAL LAW LLC
                              350 SPRINGFIELD AVE
                              STE 200
                              SUMMIT           NJ 07091


ECOURTS
```

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                              DISMISSAL NOTICE


TELEPHONE - (973) 776-9300,56907 CASE MGMT      TEAM 001
COURT HOURS:  8:30 AM - 4:30 PM

               DATE: OCTOBER 04, 2019
                 RE: ESSEX SURGICAL LLC   VS AETNA LIFE INSURANCE  COM
              DOCKET: ESX L -003821 19
              PARTY:   AETNA LIFE INSURANCE



       PLEASE TAKE NOTICE THAT ON DECEMBER 03, 2019  (60 DAYS FROM DATE OF
THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
REQUIRED UNDER THE ABOVE RULES IS TAKEN.


   HON JEFFREY B. BEACHAM                          ATT: JORDAN B. DASCAL
                                                   DASCAL LAW LLC
_____                   350 SPRINGFIELD AVE
       JUDGE                                       STE 200
                                                   SUMMIT          NJ 07091

Jordan B. Dascal – NJAID #903842012
Dascal Law LLC
350 Springfield Ave, Ste 200
Summit, NJ 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com
Attorney for Plaintiff

| | |
|---|---|
| Essex Surgical LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>Aetna Life Insurance Company d/b/a Aetna,<br><br>                    Defendant. | Superior Court of New Jersey<br>Essex County, Law Division<br><br>Docket No.: ESX-L-3821-19<br><br>                    Civil Action<br><br>**Certification of Due Diligence** |

I, Jordan B. Dascal, hereby certify as follows:

1.      I am the attorney who represents Plaintiff in this case.

2.      Pursuant to R. 4:4-5(b), I have made a diligent inquiry about the address of the Aetna Life Insurance Company d/b/a Aetna ("Defendant") and have concluded that this Defendant likely has no address in New Jersey.

3.      I examined the Defendant's website, which indicated that this particular Aetna company does not have a New Jersey address.

4.      I examined the online New Jersey Department of Banking and Insurance website at www.nj.gov/dobi/servproc.htm, which provides a list of licensed insurance companies. Defendant had no address listed within this state.

1

5.      I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: 11/19/19                              */s/ Jordan B. Dascal*
                                             Jordan B. Dascal
                                             Attorney for Plaintiff

**SUPERIOR COURT OF NEW JERSEY**
Law Division: Essex County



*287685*

**AFFIDAVIT OF SERVICE**

Index no :ESX-L-3821-19

Essex Surgical LLC

                    Plaintiff(s),

    vs.

Aetna Life Insurance Company dba Aetna

                    Defendant(s).
_____ /

STATE OF CONNECTICUT

                        ss: East Hartford

HARTFORD COUNTY

Sandra Yade, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On 11/20/2019 at 10:50 AM, I served the within Letter; Summons and Complaint, Jury Demand; Civil Case Information Statement; Designation of Trial Counsel; Track Assignment Notice; Certifications; Certification of Due Diligence; Plaintiff's First Set of Interrogatories and Document Requests to Defendant on Aetna Life Insurance Company dba Aetna at c/o Aetna, Inc., 151 Farmington Avenue, Hartford, CT 06156 in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to Brian Knighton, Legal Compliance of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of Aetna Life Insurance Company dba Aetna, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|------|-------------------|---------------|-----|--------|--------|
| Male | Black | Black | 25 | 5'9" | 185 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
November 21, 2019
by an affiant who is personally known to
me or produced identification.

X _____
Sandra Yade
New Jersey Lawyer Service nka PM Legal
2333 Route 22 West
Union, NJ 07083
908-686-7300
Atty File#:

_____
NOTARY PUBLIC                    03/31/2023
My Commission Expires:

AMY J. CHANTRY
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/2023

## Case Summary

**Case Number:** ESX L-003821-19

**Case Caption:** Essex Surgical Llc  Vs Aetna Life Insurance  Com

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Essex | **Case Initiation Date:** 05/22/2019 |
| **Case Type:** Contract/Commercial Transaction | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 2 | **Judge:** Jeffrey B Beacham | **Team:** 1 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**

**Essex Surgical Llc**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** Jordan B Dascal |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 903842012 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** JORDAN@DASCALLAW.COM

**Defendants**

**Aetna Life Insurancecompany AKA  D/B/A Aetna**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 5/22/2019 | Complaint with Jury Demand for ESX-L-003821-19 submitted by DASCAL, JORDAN B, DASCAL LAW LLC on behalf of ESSEX SURGICAL LLC against AETNA LIFE INSURANCE COMPANY D | LCV2019901744 | 5/22/2019 |
| 5/23/2019 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2019907524 | 5/23/2019 |
| 10/5/2019 | LACK OF PROSECUTION DISMISSAL WARNING Notice submitted by Case Management | LCV20191814473 | 10/5/2019 |
| 11/19/2019 | AFFIDAVIT OF DILIGENT INQUIRY submitted by DASCAL, JORDAN, B of DASCAL LAW LLC on behalf of ESSEX SURGICAL LLC against AETNA LIFE INSURANCECOMPANY | LCV20192130758 | 11/19/2019 |
| 12/3/2019 | AFFIDAVIT OF SERVICE submitted by DASCAL, JORDAN, B of DASCAL LAW LLC on behalf of ESSEX SURGICAL LLC against AETNA LIFE INSURANCECOMPANY | LCV20192221135 | 12/3/2019 |